(Continued to Page 296)

---

## COMMON PLEAS

. No. 456

KINSMAN NATL. BANK v. JERKO et

Ohio Common Pleas, Trumbull Co.
No. 16436. Decided Jan. 19, 1925.

940. WARRANT OF ATTORNEY—1 Authorizing confession of judgment is looked upon with disfavor and construed strictly in favor of the grantor and against the grantee. 2. When executed in Pennsylvania is void for want of jurisdiction in Ohio.

677. JUDGMENT—One which is void is incapable of ratification.

WILKINS, J.

In the State of Pennsylvania, John and Nick Jerko signed a promissory note for $3553, payable six months after date. The Greenville National Bank of Pennsylvania was payee. Annexed to the note was a warrant of attorney authorizing the confession of a judgment, "authorizing any attorney or Prothonotary in this State or elsewhere to enter and confess judgment against us." In the course of negotiation the note came into the hands of the Kinsman National Bank, which took a judgment thereon. Execution was levied and Jerko secured an injunction. Error was then prosecuted to the Supreme Court in which Jerko's petition was dismissed and the injunction dissolved it being the opinion of that court that Jerko was not entitled to equitable relief.

Jerko solely for the purpose of the motion appeared in the Trumbull Common Pleas and moved that the judgment against him be vacated because the warrant of attorney annexed to the note did not authorize the confession of a judgment in any court outside the State of Pennsylvania, and because it did not authorize the confession of a judgment in favor of any one other than the original payee of the note. The Bank claimed that Jerko had satisfied the judgment in its hands. The Common Pleas Court held:

1. Warrant of attorney authorizing confession of judgment, looked upon with disfavor and will be strictly construed in favor of grantor thereof and against grantee.

2. Such warrant of attorney outside the State of Pennsylvania is void for want of jurisdiction.

3. Where attempt is being made to enforce payment of void judgment, may be adjudged invalid upon motion of judgment debtor without showing a meritorious defense of the action in which the judgment was obtained.

6. A void judgment is incapable of ratification. The motion to vacate the judgment is therefore granted.

5. Appearance for purpose only of motion does not constitute a general appearance nor give the court jurisdiction over the party so moving.

4. Jerko not estopped from denying invalidity of judgment, void upon its face by reason of his promises to settle after judgment was obtained, even though it is claimed that judgment creditor is relying upon such promises of settlement refrained from attempting to enforce the judgment. The judgment being void it was a mere nullity and of no legal effect, and could not be legally enforced.

Attorneys—Fillius & Fillius and H. H. Hoppe, for Jerko; G. H. Birrell, for Bank; all of Warren.